UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE TOPPING,

                Plaintiff,

vs.                                Case No. 2:09-cv-396-FtM-29DNF

UNITED STATES DEPARTMENT OF
EDUCATION, and MICHIGAN HIGHER
EDUCATION AUTHORITY,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on United States Department of Education's Motion to Dismiss for Lack of Jurisdiction (Doc. #58) filed on April 2, 2010. Also before the Court are plaintiff's Motion for Summary Judgement [sic] Against Defendant Michigan Higher Education Authority (Doc. #44) and Brief in Support (Doc. #45), filed on March 9, 2010, and plaintiff's Motion for Summary Judgement [sic] Against Defendant US Department of Education (ED), and ED Employees Diane Spadoni, Jake Leonard, Jacquenette Thompson (Doc. #63), filed on April 9, 2010. Various responses were filed (Docs. #54, 56, 57, 65, 66, 68.)

The United States Department of Education (Department of Education) seeks dismissal because it argues that a district court lacks subject matter jurisdiction because the government has not waived sovereign immunity. Plaintiff's *pro se* Amended Complaint

(Doc. #39) challenges the calculation of amounts owed on student loans from the 1980s, collection efforts made, and Social Security disability offsets. The Court finds that the Department of Education has waived its sovereign immunity to suits seeking non-injunctive relief in the Higher Education Act, 20 U.S.C. § 1082(a)(2), which states in relevant part:

> In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may- . . . (2)sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control and nothing herein shall be construed to except litigation arising out of activities under this part from the application of sections 509, 517, 547, and 2679 of title 28 . . .

20 U.S.C. § 1082(a)(2). Additionally, the Administrative Procedures Act, 5 U.S.C. § 702, waives sovereign immunity as to injunctive relief. The Court notes that in <u>Omegbu v. United States Dep't of Treasury</u>, 118 Fed. Appx. 989 (7th Cir. 2004) the <u>government</u> asserted there was subject matter jurisdiction in a federal court for a similar suit based upon these statutes. Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

It is clear, however, that plaintiff has no standing to bring criminal charges. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Only the government prosecutes crimes, not private citizens. Williams v. Univ. of Ala. Hosp., 353 Fed. Appx. 397 (11th Cir. 2009); Garcia v. Miami Beach Police Dep't, 336 Fed. Appx. 858, 859 (11th Cir. 2009). Therefore, any portion of the Amended Complaint founded on criminal statutes is dismissed.

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court finds the Amended Complaint, absent the allegations regarding criminal statute violations, sets forth plausible claims.

Plaintiff's motions for summary judgment are denied. Discovery has not begun in this case, and it is premature to

determine whether there are undisputed material facts which would justify summary judgment.  Additionally, plaintiff has not sued any of the individuals named in one of his motions.  (<u>Compare</u> Doc. #39, <u>with</u> Doc. #63.)

The Court declines to consider matters in the Michigan Higher Education Authority's responses to be motions.  If the Michigan Higher Education Authority wishes to assert jurisdictional matters, it must do so in a motion to which a response is allowed.

Accordingly, it is now

**ORDERED**:

1.  The United States Department of Education's Motion to Dismiss for Lack of Jurisdiction (Doc. #58) is **DENIED** as to subject matter jurisdiction, is **GRANTED** as to claims of violation of criminal statutes, and is otherwise **DENIED.**

2.  Plaintiff's Motion for Summary Judgement [sic] Against Defendant Michigan Higher Education Authority (Doc. #44) is **DENIED.**

3.   Plaintiff's Motion for Summary Judgement [sic] Against Defendant US Department of Education (ED), and ED Employees Diane Spadoni, Jake Leonard, Jacquenette Thompson (Doc. #63) is **DENIED.**

4.  If the Michigan Higher Education Authority has a jurisdictional issue, it may file the appropriate motion within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

    5. The parties shall file a Case Management Report within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

    **DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of November, 2010.

                                            _____
                                            JOHN E. STEELE
                                            United States District Judge

Copies:
Counsel of record
DCCD