UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE TOPPING,

                  Plaintiff,

vs.                                    Case No.  2:09-cv-396-FtM-29DNF

UNITED   STATES   DEPARTMENT   OF
EDUCATION, and MICHIGAN HIGHER
EDUCATION  AUTHORITY,  ARNE  DUNCAN,
DIANE   SPADONI,   JAKE   LEONARD,
JACQUENETTE   THOMPSON,   MICHAEL
FLANAGAN,  HAROLD  HIGHTOWER,  and
KAREN PAPOI

                  Defendants.
_____

**OPINION AND ORDER**

This  matter  comes  before  the  Court  on  Defendant  Michigan
Higher Education Assistance Authority's Motion to Dismiss and Brief
in Support (Doc. # 100); Defendant the United States Department of
Education  and  the  Secretary  of  the  Department  of  Education's
Dispositive Motion to Dismiss and/or for Summary Judgment (Doc.
#112) filed on December 30, 2010.  Plaintiff filed Responses.
(Docs. ## 104, 105, 115.)

**I.**

Dale  J.  Topping  (Topping  or  plaintiff)  filed  an  amended
"Amended Complaint" (the Complaint) (Doc. #91) on December 16, 2010
against  the  United  States  Department  of  Education  (ED),  the
Secretary of the ED, Arne Duncan, several employees of ED including
Diane  Spadoni,  Jake  Leonard,  and  Jacquenette  Thompson  as  well  as

the Michigan Higher Education Authority (MHEA), the Supervisor of Public Education at MHEA, Harold Hightower, and Karen Popoi, a current or former employee of MHEA.[1]  (Id. at ¶¶ 1-2.)  According to the Complaint, plaintiff challenges the calculation of amounts owed on student loans from the early 1980s, collection efforts made, an improper administrative hearing regarding the debt, and subsequent Social Security offsets.  Plaintiff alleges generally that defendants conspired and orchestrated an administrative hearing which was in violation of his due process rights pursuant to the Fifth and Fourteenth Amendments.  (Id. at ¶9.)  Plaintiff also alleges that the administrative hearing was in violation of 18 U.S.C. § 1951.  (Id. at ¶¶ 9, 11.)

Because it is unclear which allegations are against which defendants and their actions, the Court finds that the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8 and 10.  As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a *pro se* party.  The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims, and in doing so plaintiff should adhere to the following instructions and bear in mind the following rules of law.

---

[1]The Court notes that service has yet to be executed on many of the individual defendants.

In filing a Second Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought in distinct, numbered paragraphs.  The document should be entitled "Second Amended Complaint."  Plaintiff shall specify each claim for relief.  Each claim should be brought under a separate numbered Count.  Plaintiff shall refrain from filing supplemental corrections to the record and shall set forth all of the relevant allegations in the Second Amended Complaint.  Plaintiff shall include allegations as to each individual defendant and whether he is suing them either in their official capacity, individual capacity, or both.

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  Also, plaintiff must sufficiently allege an affirmative causal connection between defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala.,

268 F.3d 1014, 1059 (11th Cir. 2001) (en banc); <u>Swint v. City of</u> <u>Wadley, Ala.</u>, 51 F.3d 988, 999 (11th Cir. 1995).

## II.

Title 18 U.S.C. section 1951 is a criminal statute prohibiting interference with commerce by threats or violence.  As stated in this Court's November 8, 2010 Opinion and Order, (Doc. #69), it is clear that plaintiff has no standing to bring criminal charges. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Only the government prosecutes crimes, not private citizens.  <u>Williams v. Univ. of Ala. Hosp.</u>, 353 F. App'x 397, 398 (11th Cir. 2009); <u>Garcia v. Miami Beach Police</u> <u>Dep't</u>, 336 F. App'x 858, 859 (11th Cir. 2009).  Therefore, any portion of the Complaint founded on this criminal statute is dismissed with prejudice.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's claims of violation of 18 U.S.C. § 1951 are **dismissed with prejudice**.  All other claims of the Amended Complaint (Doc. #91) are **dismissed** without prejudice and with leave to amend.  Plaintiff may file a "Second Amended Complaint" within **TWENTY-ONE (21) DAYS** in compliance with this Opinion and Order.

2. Defendant Michigan Higher Education Assistance Authority's
Motion to Dismiss and Brief in Support (Doc. #100) is **DENIED as
moot.**

3. Defendant the United States Department of Education and the
Secretary of the Department of Education's Dispositive Motion to
Dismiss and/or for Summary Judgment (Doc. #112) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of
March, 2011.

                                        JOHN E. STEELE
                                        United States District Judge

Copies:
Counsel of record